UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARA BRANDS LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VAIMO, INC., )<br>)<br>Defendant. ) | No. 21 C 4780<br><br>Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiff Tara Brands LLC ("Tara"), which sells hair and skin care products, contracted with Defendant Vaimo, Inc. ("Vaimo"), a web developer, for the creation of an e-commerce platform. After Vaimo failed to deliver the contracted-for e-commerce platform, Tara filed this lawsuit, bringing claims against Vaimo for breach of contract, common law fraud, promissory fraud, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* Vaimo has filed a motion to dismiss the fraud, promissory fraud, and ICFA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Tara did not plead the circumstances of the alleged fraud with particularity as required by Rule 9(b), the Court grants Vaimo's motion to dismiss and dismisses Vaimo's fraud claims without prejudice.

## BACKGROUND[1]

Tara sells naturally inspired hair and skin care products, which it markets primarily over the internet. Vaimo, a web development company based in Sweden with offices in the United States, touts itself as an expert in e-commerce and as an Adobe Platinum Partner. Its corporate

---

[1] The Court takes the facts in the background section from Tara's complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Vaimo's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

webpage indicates that it has provided e-commerce solutions for companies such as Helly Hanson, Jaguar, Elon, and Heineken.

Tara sought out Vaimo to create an e-commerce platform for it. Adobe representatives participated in Vaimo's product pitches to Tara. In connection with negotiations surrounding this project, Vaimo represented to Tara that it would perform the work in the United States or Sweden, that fluent English speakers would work on Tara's project, that it had sufficient staff to complete the work according to schedule, that it had a demonstrated record of performance with large global customers using the Adobe Magento product, and that the Adobe Magento site listed Vaimo as a certified Platinum Partner. Vaimo also represented that it would use Adobe trained and certified workers on Tara's project and that Adobe supported completion of the project.

Ultimately, on September 4, 2020, Tara and Vaimo entered into a contract memorializing the parties' agreement that Vaimo would create an e-commerce platform for Tara using Adobe's Magento 2 platform. The contract promised a completion date in the fourth quarter of 2020, but Vaimo did not deliver the platform by this time. After Vaimo failed to meet the deadline, Tara entered into a second contract with Vaimo, which promised that Vaimo would deliver the e-commerce platform in June 2021. But Vaimo again failed to meet this promised delivery date and subsequent delivery dates as well, despite making representations that it only needed a little more time to complete the work. Vaimo also has sought additional compensation from Tara before providing Tara with the work it originally promised to complete in the September 4, 2020 contract. Tara sought a negotiated resolution to the parties' disputes over the platform. The negotiations did not succeed, however, and Vaimo has stopped work on the e-commerce platform entirely.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Vaimo argues that the Court should dismiss Tara's fraud, promissory fraud, and ICFA claims for various reasons, including that Tara has not complied with Rule 9(b)'s specificity requirement for fraud claims and that Tara has improperly repackaged its breach of contract claims as ones for fraud. Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "This ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (citation omitted). Rule 9(b) does not govern only claims of fraud; it applies to all allegations and averments of fraud. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 446–47 (7th Cir. 2011); *Borsellino v. Goldman*

*Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino*, 477 F.3d at 507. Although an ICFA claim may proceed on either a deceptive or unfair practices theory, a claim based on deceptive practices must meet Rule 9(b)'s heightened pleading standard. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Here, as Tara recognizes in its response, its ICFA claim sounds in fraud. This means that all of Tara's non-contract claims must comply with Rule 9(b)'s pleading requirements.

Vaimo argues that Tara's complaint falls far short of Rule 9(b)'s specificity requirements because, in addition to only generally identifying the alleged misrepresentations, Tara has not provided the identity of the Vaimo representatives who made those statements or when, where, and how those statements were made. Tara responds that its complaint sufficiently indicates that Vaimo employees who negotiated with Tara made fraudulent and misleading statements about Vaimo's capabilities and intentions with respect to the contemplated project during negotiations, allowing one to infer the who, what, where, and when from the complaint.

The Court agrees with Vaimo that Tara's allegations do not meet the heightened pleading standard required by Rule 9(b). Tara's attribution of the statements to Vaimo generally does not suffice; Tara must identify the specific person or people who made the representations. *See GoHealth, LLC v. Simpson*, No. 13 C 02334, 2013 WL 6183024, at *9 (N.D. Ill. Nov. 26, 2013) ("Defendants' *counterclaims* must allege the specific person or people who provided them the persistency rate data, and their failure to do so falls short of Rule 9(b)'s high bar."); *Nalco Co. v. Chen*, No. 12 C 9931, 2013 WL 4501425, at *4 (N.D. Ill. Aug. 22, 2013) ("References to the name of a company as being the source of misrepresentation, without identifying the parties to

4

them, is not enough to meet Rule 9(b)'s pleading standard."). Similarly, Tara fails to specify the timing of the statements, referring generally only to negotiations before the parties entered the first contract on September 4, 2020 while also alleging that at least some of the misrepresentations continued after that time. Although the complaint need not precisely identify the date of the statements, it must at least specify a general timeframe. *See Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, No. 02 C 7086, 2003 WL 1811530, at *9 (N.D. Ill. Apr. 4, 2003). And here, the complaint includes no indication of when the parties' negotiations began or a general timeframe cabining when Vaimo made each statement. *See Nalco*, 2013 WL 4501425, at *4 (failure to "provide anything more than the year in which the alleged fraudulent statements were made" did not suffice to plead the timing of the fraudulent statements); *Pressalite*, 2003 WL 1811530, at *9 (allegation that statements were made before the development of plaintiff's flashlights did not comply with Rule 9(b)). Nor does the complaint suggest the mode by which Vaimo communicated the alleged misrepresentations to Tara. *See Sequel Cap. Corp. v. Airship Int'l Ltd.*, 148 F.R.D. 217, 219–20 (N.D. Ill. Apr. 12, 1993) ("Sequel fails to specifically allege the location where the statements were made or the manner of communication. The absence of these circumstances may seem insignificant, and it may seem petty to dismiss the claim solely because the complaint does not allege a place or mode of communication. Very little will be accomplished by doing so. But to respond properly to a charge of fraud, defendants need to be appraised of the specific statements that are claimed to constitute falsehoods."). Therefore, the Court must dismiss Tara's fraud, promissory fraud, and ICFA claims for failure to meet Rule 9(b)'s heightened pleading requirements. *See Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (Rule 9(b) requires a plaintiff to allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the

5

method by which the misrepresentation was communicated to the plaintiff" (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990))); *Edalatdju v. Guaranteed Rate, Inc.*, 748 F. Supp. 2d 860, 863–64 (N.D. Ill. 2010) (fraud allegations against company did not meet Rule 9(b) where they failed to specify who from the company made the statements, when they were made, and how they were made); *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2006 WL 2331148, at *3 (N.D. Ill. Aug. 10, 2006) ("MPC's lack of specificity regarding when and how the alleged false advertising and misrepresentations took place does not provide defendants with notice of the alleged wrongs, nor does it enable them to formulate an adequate response.").

Because Rule 9(b) compels dismissal of Tara's fraud claims, the Court does not address Vaimo's other arguments for dismissal in detail. But, because Tara will have the opportunity to replead those claims, the Court offers the following additional observations on Tara's fraud claims. Initially, the Court notes that many of the alleged misrepresentations that Tara sets forth appear to involve statements of future conduct, which Tara can only pursue in the context of a promissory fraud claim. *See People ex rel. Peters v. Murphy-Knight*, 248 Ill. App. 3d 382, 387 (1993) ("[T]he alleged misrepresentation must be one of fact and not an expression of an opinion. Statements regarding future events are considered opinions, not statements of fact." (citations omitted)); *Ault v. C.C. Servs., Inc.*, 232 Ill. App. 3d 269, 271 (1992) ("[A]lleged misrepresentations must be statements of present or preexisting facts, and not statements of future intent or conduct."). In pleading the required fraudulent scheme for such a promissory fraud claim, Tara should again keep in mind that "the fact that a party breaks a contract doesn't show that its promise to perform it had been fraudulent when made—that is, that the party had never intended to perform it." *BPI Energy Holdings, Inc. v. IEC (Montgomery), LLC*, 664 F.3d 131, 137 (7th Cir. 2011). Along those lines and most importantly, as Vaimo points out, Tara

6

cannot take its breach of contract claim and "dress[ ] [it] up in the language of fraud" in an attempt to state a statutory or common law fraud claim. *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 395 (7th Cir. 2011) ("[F]raud claims must contain something more than reformulated allegations of a contractual breach. . . . [B]reach-of-contract allegations dressed up in the language of fraud . . . cannot support statutory or common-law fraud claims."); *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 169 (2005) ("A breach of contractual promise, without more, is not actionable under the Consumer Fraud Act."). Thus, if Tara decides to replead its fraud claims, it should ensure that it alleges fraudulent acts that are "distinct from the alleged breach of contract." *Greenberger*, 631 F.3d at 401; *see also M.W. Widoff, P.C. v. Encompass Ins. Co. of Am.*, No. 10 C 8159, 2012 WL 769727, at *4 (N.D. Ill. Mar. 2, 2012) ("The deceptive act must involve something more than the promise to do something and a corresponding failure to do it.").

## CONCLUSION

For the foregoing reasons, the Court grants Vaimo's motion to dismiss Counts II, III, and IV [11]. The Court dismisses Tara's fraud, ICFA, and promissory fraud claims without prejudice.

Dated: March 9, 2022

_____
SARA L. ELLIS
United States District Judge

7